IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00081-LTB
(Removal from County Court, County of Baca Colorado,
Criminal Case No. 11-M-000029)

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

ROYCE E. LOCK,

    Defendant.

---

ORDER FOR SUMMARY REMAND

---

    Mr. Royce Lock has filed *pro se* a Notice of Removal stating that he is removing to this Court a criminal action filed against him in the County Court of Baca County, Colorado, *People of the State of Colorado v. Lock*, Case No. 11-M-000029. The Court must construe Mr. Lock's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reason stated below, this action will be remanded summarily to the state court.

    The Court has reviewed the Notice of Removal and finds that it is deficient. Generally, only a civil action may be removed from state court to the federal district court, except in specific enumerated circumstances not applicable here. *See* 28 U.S.C. § 1441(a); § 1442 (criminal prosecution against United States, federal agency or federal officer may be removed to federal district court); § 1442a (criminal prosecution against

member of armed forces arising out of officer or status may be removed to federal district court). Mr. Lock is being prosecuted for the offense of driving after his license was revoked. That criminal action is not removable pursuant to 28 U.S.C. § 1442 or § 1442a.

Further, to the extent Mr. Lock seeks to remove this action pursuant to 28 U.S.C. § 1443, he has failed to allege any grounds for the removal. The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Mr. Lock's Notice of Removal is largely unintelligible and the Court is unable to discern any specific factual allegations that he is being discriminated against on the basis of his race in the state criminal prosecution.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal
> rights is left to the state courts except in the rare situations
> where it can be clearly predicted by reason of the operation

2

> of a pervasive and explicit state or federal law that those
> rights will inevitably be denied by the very act of bringing the
> defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Mr. Lock has failed to provide the court with specific factual allegations regarding his inability to enforce his constitutional rights in the state court criminal prosecution.  Therefore, removal pursuant to § 1443(1) is not appropriate.

Mr. Lock has also failed to demonstrate a basis for removal pursuant to 28 U.S.C. § 1443(2).  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Mr. Lock does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Furthermore, Mr. Lock has not complied with the procedural requirements for removal.  A notice of removal in a criminal case must be filed within thirty days after arraignment, unless good cause is shown.  *See* 28 U.S.C. § 1446(c)(1).  Mr. Lock was arraigned on June 29, 2011, more than seven months before he filed his notice of removal.  His case is set for trial in the state county court on March 12, 2012.

In sum, because it clearly appears on the face of the Notice of Removal and attached exhibits that removal of these actions should not be permitted, the actions will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4).

Accordingly, it is

ORDERED that this action is remanded summarily to the County Court, County of Baca, Colorado. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the County Court, County of Baca, Colorado.

DATED at Denver, Colorado, this  1st  day of   March        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court